UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

 **Plaintiff,**

v.                  Case No. 21-CR-51

**ANDRELL WESLEY,**

 **Defendant.**

---

### ORDER ON DEFENDANT'S MOTION
### TO REOPEN DETENTION HEARING

---

  Andrell Wesley, who was ordered detained pending jury trial, moves to reopen the detention hearing under 18 U.S.C. § 3142(f). (Docket # 160, 162, 163.) The government has responded in opposition. (Docket # 164.)

  On March 2, 2021, a grand jury in this district returned an eleven-count Indictment charging Wesley and others with drug and firearm offenses. Specifically, Wesley is charged in Count One with conspiring with others to manufacture, distribute, and possess with the intent to distribute controlled substances, namely heroin and fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 841(b)(1)(C). In Count Two, Wesley is charged with conspiring to traffic firearms, in violation of 18 U.S.C. § 371. In Count Eight, Wesley is charged with knowingly and intentionally possessing 40 grams of controlled substance, fentanyl, with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). In Count Nine, Wesley is charged with knowingly possessing firearms in furtherance of drug trafficking, in

violation of 18 U.S.C. § 924(c). Finally, Wesley is charged in Count Eleven being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g).

On August 25, 2021, after conducting a detention hearing where I considered the arguments of the parties and the Pretrial Services report, I found that there was no combination of conditions of release that would reasonably assure the safety of the community and ordered Wesley detained. (Docket # 55, 56.)

After a defendant has been detained, a judicial officer may reopen the detention hearing if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

At the original detention hearing, I found that Wesley had rebutted the presumption of detention. While the presumption is rebuttable and not dispositive, it remains among the factors to consider under § 3142(g). In detaining Wesley, I found that: the nature of the charges, the weight of the evidence against Wesley, the length of incarceration if convicted, Wesley's prior criminal history, and Wesley's alleged commission of the charged offenses while he was on probation for a felony drug conviction, supported detaining him pending trial. At the original hearing and in this motion, Wesley argues for release and that his release would be secured by his grandmother's posting of her property. After considering Wesley's motion and the government's response and again reconsidering the § 3142(g) factors, I remain persuaded that no conditions or combination of conditions would reasonably protect the community from Wesley. Of particular concern to the protection of the community is the firearms found at Wesley's residence, his prior criminal history, and that Wesley has pending

charges of first degree recklessly endangering safety, as party to a crime, and use of a dangerous weapon–habitual criminality repeater, in Milwaukee County Circuit Court stemming from an alleged shootout. (Docket # 164-1.) Accordingly, Wesley's motion to reopen his detention hearing (Docket #160, 162, 163) is hereby **DENIED**.

    **SO ORDERED** this 6th day of April, 2023, at Milwaukee, Wisconsin.

NANCY JOSEPH
United States Magistrate Judge