# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>ANDRELL WESLEY,<br><br>          Defendant. | Case No. 21-CR-51-3-JPS<br><br>**ORDER** |

    Before the Court are Defendant Andrell Wesley's ("Defendant") motions for sentence reduction, ECF No. 244, and for sentencing credit, ECF No. 243. For the reasons discussed herein, the Court will deny Defendant's motion for a sentence reduction and will deny as moot Defendant's motion for sentencing credit.

**1.    MOTION FOR SENTENCE REDUCTION**

    Defendant moves to have his sentence reduced under Amendment 821 but does not state whether he moves under the Zero-Point Offender Amendment or the Status Point Amendment, instead broadly referencing "Amendment 821." ECF No. 244. The Court will analyze his eligibility under both amendments.

    In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-

history-amendment [https://perma.cc/T954-GQFK] (last visited Nov. 17, 2025). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* Part B of Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the "Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023, the Commission voted to give retroactive effect to these portions of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited Nov. 17, 2025). Amendment 821 took effect on November 1, 2023. *Id.*

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after

---

[1] The Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary adds that such a circumstance may arise "because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 app. note 1(A).

Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to exceptions not applicable here. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant is not eligible for a reduced term of imprisonment under the Zero-Point Offender Amendment because he received fourteen criminal history points. ECF No. 187 at 19–20. However, Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. *Id.* Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821.

Because Defendant received fourteen criminal history points, applying the Status Point Amendment, he is eligible for a reduction of one status point. After removing one status point, however, Defendant's

criminal history category remains VI, and his Guidelines range does not change. *See* U.S. SENT'G COMM'N, *Guidelines Manual 2024,* Chap. 5, Part A (showing a guidelines range of 130 to 162 months for an offense level of twenty-seven when the defendant has thirteen or more criminal history points). Accordingly, the Court is constrained to deny Defendant's motion for a sentence reduction under Amendment 821, ECF No. 244, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

## 2. MOTION FOR SENTENCING CREDIT

Defendant also moves the Court to reduce his sentence by awarding him credit for time he spent in custody related to the underlying charges in this case. ECF No. 243. Upon reviewing Defendant's motion, the Court conferred with the Bureau of Prisons and learned that the Bureau of Prisons had, in fact, not credited Defendant for two years' time he spent in federal custody prior to being sentenced in this case. In turn, the Bureau of Prisons adjusted Defendant's release date by two years to give him the proper credit for that time.

Because the Bureau of Prisons has already made the appropriate correction, the Court will deny Defendant's motion for sentencing credit as moot.

## 3. CONCLUSION

For the reasons stated herein, the Court is constrained to deny Defendant's motion for a sentence reduction under Amendment 821 and because his motion prompted the Bureau of Prisons to credit Defendant for the two years he spent in federal custody prior to being sentenced, the Court will also deny his motion for sentencing credit as now moot.

Accordingly,

**IT IS ORDERED** that Defendant Andrell Wesley's motion to reduce his sentence under Amendment 821, ECF No. 244, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Andrell Wesley's motion for sentencing credit, ECF No. 243, be and the same is hereby **DENIED as moot.**

Dated at Milwaukee, Wisconsin, this 17th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 5 of 5
Case 2:21-cr-00051-JPS   Filed 11/17/25   Page 5 of 5   Document 245